## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| Nationstar Mortgage LLC d/b/a Mr. Cooper | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**247 Central Ave, Lewiston, ME 04240**<br>**Mortgage:**<br>**January 8, 2008**<br>**Book 7344, Page 195** |
| Joseph Dunne | |
| **Defendant** | |

NOW COMES the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Joseph Dunne, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Nationstar Mortgage LLC d/b/a Mr. Cooper, in which the Defendant, Joseph Dunne, is the obligor and the total amount owed under the terms of the Note is One Hundred Thirteen

Thousand Six Hundred Seventy-Six and 88/100 ($113,676.88) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.  Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4.  Nationstar Mortgage LLC d/b/a Mr. Cooper is a corporation with its principal place of business located at 8950 Cypress Waters Boulevard, Coppell, TX 75019.

5.  The Defendant, Joseph Dunne, is a resident of Lewiston, County of Androscoggin and State of Maine.

## FACTS

6.  On January 8, 2008, by virtue of a Warranty Deed from Debra Sullivan, which is recorded in the Androscoggin County Registry of Deeds in **Book 7344, Page 193**, the property situated at 247 Central Ave, County of Androscoggin, and State of Maine, was conveyed to the Defendant, Joseph Dunne, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7.  On January 8, 2008, the Defendant, Joseph Dunne, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $126,000.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on January 8, 2008, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 247 Central Ave, Lewiston, ME 04240 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 7344**, **Page 195**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Nationstar Mortgage, LLC by virtue of an Assignment of Mortgage dated June 13, 2016 and recorded in the Androscoggin County Registry of Deeds in **Book 9382**, **Page 217**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was further assigned to Nationstar Mortgage, LLC by virtue of a Quitclaim Assignment dated June 27, 2017 and recorded in the Androscoggin County Registry of Deeds in **Book 9666**, **Page 36**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

11. On February 1, 2019, the Defendant, Joseph Dunne, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

12. The Demand Letter informed the Defendant, Joseph Dunne, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

13. The Defendant, Joseph Dunne, failed to cure the default prior to the expiration of the Demand Letter.

14. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

15. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the lawful holder and owner of the Note and Mortgage.

16. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

17. The total debt owed under the Note and Mortgage as of June 12, 2019 is One Hundred Thirteen Thousand Six Hundred Seventy-Six and 88/100 ($113,676.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $104,020.61 |
| Interest | $7,936.39 |
| Late Fees | $78.60 |
| Deferred Late Fees | $117.90 |
| Corporate Advance | $1,523.38 |
| Legal Fees and Costs | $1,275.00 |
| Grand Total | $114,951.88 |

18. Upon information and belief, the Defendant, Joseph Dunne, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

19. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. This is an action for foreclosure respecting a real estate related Mortgage and title located at 247 Central Ave, Lewiston, County of Androscoggin, and State of Maine. *See* Exhibit A.

21. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, has the right to foreclosure upon the subject property.

22. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the current owner and investor of the aforesaid Mortgage and Note.

23. The Defendant, Joseph Dunne, is presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2018, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

24. The total debt owed under the Note and Mortgage as of June 12, 2019 is One Hundred Thirteen Thousand Six Hundred Seventy-Six and 88/100 ($113,676.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $104,020.61 |
| Interest | $7,936.39 |
| Late Fees | $78.60 |
| Deferred Late Fees | $117.90 |
| Corporate Advance | $1,523.38 |
| Legal Fees and Costs | $1,275.00 |
| Grand Total | $114,951.88 |

25. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

26. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

27. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Joseph Dunne, on February 1, 2019, evidenced by the Certificate of Mailing.  *See* Exhibit F.

28. The Defendant, Joseph Dunne, is not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF NOTE

29. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

30. On January 8, 2008, the Defendant, Joseph Dunne, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $126,000.00.  *See* Exhibit B.

31. The Defendant, Joseph Dunne, is in default for failure to properly tender the April 1, 2018 payment and all subsequent payments.  *See* Exhibit F.

32. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Joseph Dunne.

33. The Defendant, Joseph Dunne, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

34. The Defendant Joseph Dunne's breach is knowing, willful, and continuing.

35. The Defendant Joseph Dunne's breach has caused Plaintiff Nationstar Mortgage LLC d/b/a Mr. Cooper to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

36. The total debt owed under the Note and Mortgage as of June 12, 2019, if no payments are made, is One Hundred Thirteen Thousand Six Hundred Seventy-Six and 88/100 ($113,676.88) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $104,020.61 |
| Interest | $7,936.39 |
| Late Fees | $78.60 |
| Deferred Late Fees | $117.90 |
| Corporate Advance | $1,523.38 |
| Legal Fees and Costs | $1,275.00 |
| Grand Total | $114,951.88 |

37. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

38. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

39. By executing, under seal, and delivering the Note, the Defendant, Joseph Dunne, entered into a written contract with Taylor, Bean & Whitaker Mortgage Corp. who agreed to loan the amount of $126,000.00 to the Defendant. *See* Exhibit B.

40. As part of this contract and transaction, the Defendant, Joseph Dunne, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

41. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the proper holder of the Note and successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp., and has performed its obligations under the Note and Mortgage.

42. The Defendant, Joseph Dunne, breached the terms of the Note and Mortgage by failing to properly tender the April 1, 2018 payment and all subsequent payments. *See* Exhibit F.

43. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Joseph Dunne.

44. The Defendant, Joseph Dunne, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

45. The Defendant, Joseph Dunne, is indebted to Nationstar Mortgage LLC d/b/a Mr. Cooper in the sum of One Hundred Thirteen Thousand Six Hundred Seventy-Six and 88/100 ($113,676.88) Dollars, for money lent by the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, to the Defendant.

46. Defendant Joseph Dunne's breach is knowing, willful, and continuing.

47. Defendant Joseph Dunne's breach has caused Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Note and Mortgage as of June 12, 2019, if no payments are made, is One Hundred Thirteen Thousand Six Hundred Seventy-Six and 88/100 ($113,676.88) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $104,020.61 |
| Interest | $7,936.39 |
| Late Fees | $78.60 |
| Deferred Late Fees | $117.90 |
| Corporate Advance | $1,523.38 |
| Legal Fees and Costs | $1,275.00 |
| Grand Total | $114,951.88 |

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

50. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

51. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Nationstar Mortgage LLC d/b/a Mr. Cooper, loaned Defendant, Joseph Dunne, $126,000.00.  *See* Exhibit B.

52. The Defendant, Joseph Dunne, is in default for failure to properly tender the April 1, 2018 payment and all subsequent payments.  *See* Exhibit F.

53. As a result of the Defendant Joseph Dunne's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper.

54. As such, the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V –UNJUST ENRICHMENT

55. The Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

56. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Nationstar Mortgage LLC d/b/a Mr. Cooper, loaned the Defendant, Joseph Dunne, $126,000.00.  *See* Exhibit B.

57. The Defendant, Joseph Dunne, has failed to repay the loan obligation.

58. As a result, the Defendant, Joseph Dunne, has been unjustly enriched to the detriment of the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper as successor-in-interest to Taylor,

Bean & Whitaker Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

59. As such, the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, upon the expiration of the period of redemption;

c) Find that the Defendant, Joseph Dunne, is in breach of the Note by failing to make payment due as of April 1, 2018, and all subsequent payments;

d) Find that the Defendant, Joseph Dunne, is in breach of the Mortgage by failing to make payment due as of April 1, 2018, and all subsequent payments;

e) Find that the Defendant, Joseph Dunne, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Joseph Dunne, is in breach of contract by failing to comply with the terms and conditions of the  Note and Mortgage by failing to make the payment due April 1, 2018 and all subsequent payments;

g) Find that the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Joseph Dunne has been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, to restitution;

j)  Find that the Defendant, Joseph Dunne, is liable to the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, for money had and received;

k)  Find that the Defendant, Joseph Dunne, is liable to the Plaintiff for quantum meruit;

l)  Find that the Defendant, Joseph Dunne, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Joseph Dunne, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, is entitled to restitution for this benefit from the Defendant, Joseph Dunne;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendant, Joseph Dunne, and in favor of the Plaintiff, Nationstar Mortgage LLC d/b/a Mr. Cooper, in the amount of One Hundred Thirteen Thousand Six Hundred Seventy-Six and 88/100 ($113,676.88 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q)  For such other and further relief as this Honorable Court deems just and equitable.


        Respectfully Submitted,
        Nationstar Mortgage LLC d/b/a Mr. Cooper,
        By its attorneys,

Dated: May 24, 2019

        /s/ John A. Doonan, Esq.

/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com